# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE VICTOR L. PHILLIPS COMPANY,<br><br>    **Plaintiff and Counterdefendant,**<br><br>v.<br><br>RONALD A. GOODWIN,<br><br>    **Defendant and Third-Party Plaintiff,**<br><br>v.<br><br>AARON'S DEMO, LLC,<br><br>    **Counterclaimant and Third-Party Plaintiff,**<br><br>IROCK CRUSHERS, LLC,<br><br>    **Third-Party Defendant.** | Case No. 16-2827 |

## MEMORANDUM & ORDER

This matter comes before the court upon plaintiff The Victor L. Phillips Company ("VLP")'s Motion to Dismiss Counterclaim (Doc. 7).

**I.    Background**

On December 22, 2016, plaintiff brought this case against defendant Ronald A. Goodwin, claiming (I) Breach of Contract; (II) Action on Account; and (III) Quantum Meruit. The claims relate to Mr. Goodwin's rental of an IROCK brand screen from plaintiff between June 1, 2015 and August 23, 2016. Plaintiff claims that Mr. Goodwin still owes $112,000 for his use of the screen, plus pre-judgment interest, attorney fees and expenses.

On January 30, 2016, Mr. Goodwin answered the complaint asserting a counterclaim for breach of contract based on its purchase of an IROCK TC-20 track crusher from plaintiff. Mr. Goodwin

-1-

claims that the crusher never functioned properly, that plaintiff knew he intended to use the crusher and the rented screen together. Because the crusher did not function, Mr. Goodwin was unable to use the screen or crusher. Mr. Goodwin claims that he contacted plaintiff about the issues, asked for an engineer to fix the crusher, and that plaintiff failed to fix the crusher, knowing that doing so would prevent Mr. Goodwin from using the screen. Mr. Goodwin also asserted a cross-claim for products liability against IROCK Crushers, LLC, the manufacturer of the crusher.

On April 20, 2017, Magistrate Judge Sebelius granted Aaron's Demo, LLC's motion to intervene (Doc. 19). It was unopposed. Intervenor defendant/crossclaimant Aaron's Demo, LLC filed a document that incorporated by reference Mr. Goodwin's answer, counterclaim, and crossclaim and briefly set out a product liability claim against IROCK Crushers, LLC.

**II.     Discussion**

The court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in plaintiff's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

Plaintiff's limited briefing claims that Mr. Goodwin does not have standing to assert a counterclaim based on the crusher sales agreement, because he was not a party or third-party

beneficiary to the sales agreement. Mr. Goodwin responds that he has standing because he is the sole member of Aaron's Demo, LLC; makes all of Aaron's Demo, LLC's decisions; and because he signed the agreement as Aaron's Demo, LLC's sole member. Plaintiff replied that Kansas law prohibits Mr. Goodwin from asserting a claim on behalf of Aaron's Demo, LLC because an LLC is treated as a separate legal entity from its members. Plaintiff suggests that the counterclaim could only rightfully be brought by Aaron's Demo, LLC. Aaron's Demo, LLC is now a party to this lawsuit. As mentioned above, plaintiff did not oppose Aaron's Demo, LLC's motion to intervene.

The sales agreement states that its terms should be interpreted pursuant to Missouri law. (Doc. 8-1 at 2.) Both parties refer to *Verni v. Cleveland Chiropractic College*, 212 S.W.3d 150 (Mo. 2007), for the general legal principles applying to standing in a breach of contract case. *Verni* provides that "[o]nly parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract." *Id.* at 153. The Missouri Supreme Court explained that to determine whether a party is a third-party beneficiary, the court looks to the language of the contract itself. *Id.* Where intent to benefit a third-party is not expressly established by the contract, there is a strong presumption that the contract was created to benefit only the contracting parties. *Id.*

The contract in this case is a form sales agreement. The agreement is a two-page document that lists Aaron's Demo, LLC as the "Company Name," describes the items to be purchased (IROCK crusher and OKADA pulverizer), and the total cash price for the sale. The agreement was signed apparently by Mr. Goodwin, although the signature line is hard to read. The signature line states "Buyer: Authorized Signature." (Doc. 8-1.) The second page of the document contains the agreement's boilerplate terms and conditions. Mr. Goodwin is not mentioned as an intended beneficiary of the sales agreement.

There is nothing in the agreement suggesting that the parties intended to benefit anyone but Aaron's Demo, LLC and VLP. Although Mr. Goodwin suggests that his alleged status as the sole member of Aaron's Demo, LLC, his exclusive decision-making power on behalf of the LLC, and the fact that he signed the agreement should be sufficient for him to show standing, the court disagrees. He cites no legal authority in support of this argument. As the party asserting a counterclaim, Mr. Goodwin has the burden to show he has standing to bring a breach of contract claim. *Lipari v. U.S. Bancorp NA*, 524 F. Supp. 2d 1327, 1329 (D. Kan. 2007). The court finds this situation similar to shareholders' inability to sue in their individual capacity on behalf of a corporation, even when the individual is the sole shareholder. *Id.* (citing *Hutchings v. Manchester Life & Cas. Mgmt. Corp.*, 896 F. Supp. 946, 947 (E.D. Mo. 1995)). Mr. Goodwin has not met his burden to show that he has standing to bring a breach of contract claim on Aaron's Demo LLC's behalf. Mr. Goodwin's counterclaim is therefore dismissed; VLP's motion to dismiss is granted in part.

The court notes that Aaron's Demo, LLC is now a party to this case and joined in the counterclaim. Aaron's Demo, LLC does appear to have standing to sue for breach of contract. Therefore, Aaron's Demo, LLC's counterclaim remains viable, and VLP's motion is denied in part.

**IT IS THEREFORE ORDERED** that plaintiff The Victor L. Phillips Company's Motion to Dismiss Counterclaim (Doc. 7) is granted as to Mr. Goodwin and denied as to Aaron's Demo, LLC.

Dated May 4, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**